

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 20, 1947

Hon. John C. Farmer
County Attorney
Fannin County
Bonham, Texas

Opinion No. V-96

Re: Whether or not there is a
vacancy in the office of
Justice of the Peace of
Precinct 2, Fannin County,
under the facts submitted

Dear Sir:

We quote the following from your letter to the
Hon. T. G. Finley, County Judge of Fannin County, in
which you request an opinion from this Department on the
above subject matter:

"Your verbal request submitted yester-
day presents for the opinion of this office
the following question: Does the fact that
Fletcher Williams has moved from Savoy in
Justice of the Peace Precinct No. 2 of Fan-
nin County, Texas, to the town of Whitewright
which is in Grayson County, Texas, the said
Fletcher Williams being Justice of the Peace
of said Precinct No. 2 of Fannin County, Tex-
as, vacate the office of Justice of the Peace
of Precinct No. 2 of Fannin County?

"It is my understanding that the follow-
ing are the facts of this case and I am pre-
suming that these facts are true, to-wit:
Fletcher Williams was duly elected and qual-
ified as Justice of the Peace of Precinct No.
2 of Fannin County, Texas on January 1, 1945.
At the time of his qualification and until
about January 1, 1946, he lived in the town
of Savoy which was in said Justice Precinct.
That on or about January 1, 1946 he rented
his place to his son-in-law so that his son-
in-law would have a place to live and a farm
to work. Mr. Williams moved from Savoy to
the town of Whitewright which is in Grayson
County. That the said Williams has lived in
the town of Whitewright from that day to this
and that he has rented his farm at Savoy for

the year 1947 and does not know when he will
move back to it. Mr. Williams pays all of
his taxes in Fannin County and votes at Savoy.
Mr. Williams did not seek re-election to the
office of Justice of the Peace at the elec-
tions held in 1946, but the people of his pre-
cinct wrote his name on the ballot and he was
re-elected to the said office. He has now
qualified as said Justice of the Peace."

It is noted that the person in question has
been elected and qualified as Justice of the Peace of
Precinct 2 of Fannin County and is at the present time
holding said office.

We quote the following from our recent opinion
V-26, a copy of which we are herewith enclosing:

"Since the person in question is now
legally holding the office of Commissioner,
on the basis of the foregoing authorities we
are forced to hold that he is entitled to the
emoluments incident to the office until his
term ends; whether by expiration of time,
death, resignation or removal from office,
and you are authorized to approve the pay-
ment of same.

" . . .

"In view of the foregoing, it is our
opinion that the person in question can only
be removed, if at all, by a proper proceeding
in the District Court brought by the county
or district attorney. This Department cannot
pass upon the question of whether or not there
is cause for removal, for such question can
only be determined by the district court and
the truth of said cause is to be determined by
a jury as provided in Article V, Section 24 of
our State Constitution and Article 5971 of our
statutes."

In view of the foregoing, it is our opinion
that so long as the person in question has not been re-
moved from office in a proper proceeding, there is no
vacancy in said office.

We would like to point out, however, the fol-
lowing:

Article 2927, V. C. S., provides:

"No person shall be eligible to any State,
county, precinct or municipal office in this
State unless he shall be eligible to hold of-
fice under the Constitution of this State, and
unless he shall have resided in this State for
the period of twelve months and six months in
the county, precinct, or municipality, in which
he offers himself as a candidate, next preced-
ing any general or special election, and shall
have been an actual bona fide citizen of said
county, precinct, or municipality for more than
six months. No person ineligible to hold of-
fice shall ever have his name placed upon the
ballot at any general or special election, or
at any primary election where candidates are
selected under primary election laws of this
State; and no such ineligible candidate shall
ever be voted upon, nor have votes counted for
him, at any such general, special, or primary
election." (Underscoring ours)

Article 2928, V. C. S., provides:

"Neither the Secretary of State, nor any
County Judge of this State, nor any other
authority authorized to issue certificates,
shall issue any certificates of election or
appointment to any person elected or appointed
to any office in this State, who is not elig-
ible to hold such office under the Constitu-
tion of this State and under the above article;
and the name of no ineligible person, under
the Constitution and laws of this State, shall
be certified by any party, committee, or any
authority authorized to have the names of can-
didates placed upon the primary ballots at any
primary election in this State; and the name of
no ineligible candidate under the Constitution
and laws of this State shall be placed upon
the ballot of any general or special election
by any authority whose duty it is to place
names of candidates upon official ballots."

Article 2958 provides, among other things,
that "the residence of a single man is where he usually
sleeps at night; that of a married man is where his wife

resides, or if he be permanently separated from his wife, his residence is where he sleeps at night."

Referring to Article 2958, V. C. S., it is stated in Texas Juris., Vol. 16, p. 46:

"The statute defines the 'residence' within the meaning of the election laws, providing that the residence of a married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night. Thus, it has been held that a married man's residence is in the city in which his wife resides, and in which she cares for their children. But no matter how families may be situated, they are not held to have abandoned their residence in a given community merely because the husband or wife or both temporarily absent themselves on account of their own health, or that of their children, or to serve their government, or because their trade or business or profession takes them elsewhere for varying periods of time . . . "

We quote the following from the case of Stratton vs. Hall, 99 S. W. 2d 865, 866:

"Article 2958 defines the 'residence' of a married man, within the meaning of the election laws, to be where his wife resides, unless he be permanently separated from her, and his residence is considered to be in that place unless a contention is made that he resides elsewhere, 16 Tex. Jur. § 39, p. 48. When a contention is made that a married man's residence is in some place other than where his wife resides, the question must be determined by reference to the actual facts and circumstances; one of which will be his intention. (Underscoring ours)

If the person in question, as a matter of fact, had actually abandoned his residence in Precinct 2 of Fannin County prior to the time of election, and was not an actual bona fide citizen of Precinct 2, Fannin County, at that time, he would not have been eligible for election to the office of Justice of the Peace of Precinct 2, Fannin County, and would not be

eligible to qualify for said office on January 1, 1947. Whether the person in question had abandoned his residence in Precinct 2, Fannin County, and moved to Grayson County with the intention of establishing a new and permanent residence therein at the time, presents questions of fact upon which this office cannot pass.

## SUMMARY

Under the facts presented, there is no vacancy at the present time in the office of Justice of the Peace of Precinct 2 of Fannin County. If the person in question had actually abandoned his residence in Precinct 2 of Fannin County prior to the time of the election and was not an actual bona fide citizen of said precinct, he would not have been eligible for election to the office of Justice of the Peace and would not be eligible to qualify for said office. This presents a fact question upon which this office cannot pass. Art. 2927, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      John Reeves
Assistant

APPROVED MAR. 20, 1947

Price Daniel
ATTORNEY GENERAL

JR:djm:mrj

Enclosure